UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.                                          Criminal Action No. 3:11–CR–43

DENNIS A. SYKES, JR.

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Dennis A. Sykes, Jr.'s Motion for

Immediate Release from Confinement Pursuant to 28 U.S.C. § 2255[1] ("§ 2255 Motion") (ECF

No. 34). For the reasons stated below, the Court DENIES Petitioner's claims.

## BACKGROUND

Petitioner was indicted on a one count indictment on February 22, 2011 for Possession

with Intent to Distribute Oxycodone. The indictment arose from two separate traffic stops of

Petitioner on I-95 in Virginia. On September 28, 2010, Petitioner was stopped by Trooper C.L

Murphy, who noticed the vehicle Petitioner drove had excessively dark window tint. § 2255

Motion, Ex. B. The vehicle was occupied by Petitioner and a passenger, Andrew Alvarez. *Id.*

When the officer was at the window of the car, he noticed a strong odor of marijuana coming

from the vehicle. The officer took Petitioner to his vehicle while checking Petitioner's license. *Id.*

While in the officer's car, Petitioner said he did not know who the vehicle was registered to, but

knew it was his passenger's godfather's car, and that he did not know the last name of his

passenger, only knowing him as "Drew." *Id.* Petitioner explained to Murphy that he sometimes

---

[1] Petitioner did not use the standard 28 U.S.C. § 2255 ("§ 2255") form for his Motion. Instead, he filed a "Motion for Immediate Release from Confinement Pursuant to 28 USC 2255." It is clear, however, that petitioner intended to seek relief pursuant to § 2255 and will be treated as a motion pursuant to § 2255. Though Petitioner was released from BOP custody on November 23, 2012, his motion is not moot because he remains on supervised release, satisfying the "in custody" requirement of 28 U.S.C. § 2255. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989). Accordingly, the Court may consider the merits of Petitioner's § 2255 Motion, which argues that his conviction was unconstitutional.

lived in Massachusetts and sometimes Tampa, Florida and that they were going to Tampa until October 2nd because he used to live there and "to possibly see a girl." *Id.* Passenger Alvarez stated they were taking a trip to Tampa and then to Miami. The officer checked the window, finding the tint to be in violation of both Virginia and Massachusetts law. *Id.* Approximately eight minutes after the stop was initiated, another officer arrived with a narcotics canine and received a positive alert on the car. *Id.* The officers conducted a probable cause search of the vehicle based on the alert from the canine and discovered approximately $6,100, mostly in $20.00 bills rubber-banded into a large fold. *Id.* Alvarez indicated it was his travelling money and the officer thought it was a large amount for a four day trip that had no real purpose. *Id.* Due to the indicators of criminal activity, the officer placed a GPS device underneath the vehicle without the knowledge of the occupants of the car. *Id.*

Trooper Murphy tracked the vehicle over the next several days while it stayed in Tampa and then began travelling north again. *Id.* On Monday, October 4, Trooper Creath was advised by Trooper Murphy that the vehicle was travelling north on I-95 and to conduct a traffic stop if he had probable cause. *Id.* Creath spotted the vehicle and conducted the stop citing the window tint as the reason for the stop. *Id.* This time, only Petitioner was inside the vehicle. *Id.* Petitioner informed Creath that Alvarez flew back to Massachusetts and Petitioner was just driving the car to Massachusetts for him. *Id.* Petitioner refused to consent to a search of the car. *Id.* Creath called another trooper to run a narcotic detector canine around the vehicle. *Id.* The canine alerted and the troopers searched the vehicle. *Id.* The troopers, including Trooper Murphy who subsequently arrived, searched the vehicle and found a bag with two stuffed animals concealing some pills. *Id.* The pills were extracted and determined by their shape, size, color, and markings that they were oxycodone. *Id.* Petitioner was subsequently arrested.

On May 23, 2011, Petitioner pled guilty to the single count indictment. The Court sentenced Petitioner on December 8, 2011 to twelve months and one day imprisonment and two years of supervised release. Petitioner now seeks relief under 28 U.S.C. § 2255. In his motion,

Petitioner raises two grounds allegedly warranting such relief: (1) his conviction is unconstitutional under the intervening case of *United States v. Jones*, 132 S. Ct. 945, 949 (2012) (holding "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search'" under the Fourth Amendment), and (2) Petitioner received ineffective assistance of counsel because his attorney failed to move for suppression of the evidence based on the trooper's unconstitutional placement of the GPS device on his car.

The Government responded in opposition to Petitioner's § 2255 Motion. Though the Court informed Petitioner he could reply to the Government's opposition within twenty days of the date on which the Government filed its responsive pleading, Petitioner did not file a reply. The § 2255 Motion is accordingly ripe for decision.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999).

A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Sykes's fact allegations and legal contentions.

**DISCUSSION**

**1. Intervening Change in the Law Under *United States v. Jones***

Petitioner first contends that the Supreme Court's decision in *United States v. Jones* makes his conviction constitutionally untenable. *Jones* held the Government's attachment of a GPS device to a target's vehicle and subsequent monitoring of the device to determine the vehicle's movements constitutes a search under the Fourth Amendment. *Jones*, 132 S. Ct. at 949. *Jones* does not, however, apply to Petitioner's case and this claim must be DENIED.

*Jones* is not applicable to Petitioner's case because it is not retroactive under *Teague v. Lane*, 489 U.S. 288, 310 (1989). "Under *Teague*, new rules are generally not retroactively applicable on collateral review (except in 'extremely narrow' circumstances)." *United States v. Mathur*, 685 F.3d 396, 402 (4th Cir. 2012). In *Teague*, the Supreme Court set forth two exceptions to the general prohibition of retroactivity. A new constitutional rule of criminal procedure does not apply retroactively to cases on collateral review unless: (1) the rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) where the new rule is considered a "watershed rule of criminal procedure," meaning it "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." *Teague*, 489 U.S. at 311 (internal quotation marks and citations omitted). The Court explained "bedrock procedural elements" are those that are "central to an accurate determination of innocence or guilt." *Id.* at 313. A number of district courts have concluded *Jones* does not apply retroactively to cases on collateral review under *Teague*.[2]

To date, all district court's addressing the issue have concluded *Jones* does not apply

---

[2] *See, e.g.*, *Hernandez v. United States*, No. 3:08cr268, 2013 WL 625752, at * 2 (N.D. Tex. Jan. 29, 2013); *United States v. Jesus-Nunez*, No. 1:10cr17, 2013 WL 312387, at * 7 (M.D. Pa. Jan. 25, 2013); *Reyes-Sotero v. United States*, No. 08-0593, 2012 WL 6681963, at * 2-3 (D. Md. Dec. 21, 2012); *United States v. Reyes*, No. 09cr2487, 2012 WL 4339070, at *6-7 (S.D. Cal. Sept. 19, 2012); *Garcia v. Bradt*, No. 09cv7941, 2012 WL 3027780, at *5 (S.D.N.Y. July 23, 2012).

retroactively under *Teague*.[3] One court persuasively reasoned,

> [A] petitioner is not entitled to retroactive application unless the *Jones* rule falls within one of the two exceptions enumerated in *Teague.* The first exception—that a new rule should be applied retroactively if it places primary, private conduct outside the scope of criminal regulation—is not relevant here. The *Jones* rule— requiring police to have a warrant prior to attaching a GPS unit to a suspect's vehicle—does not render any primary, private conduct outside the scope of the police power. The second exception—that a new rule should be applied retroactively if it alters a "bedrock procedural element that must be found to vitiate the fairness of a particular conviction"—is also inapplicable to the Jones rule. Simply put, the warrant requirement for police GPS tracking is not "central to an accurate determination of innocence or guilt."

*Garcia v. Bradt*, No. 09cv7941, 2012 WL 3027780, at *5 (S.D.N.Y. July 23, 2012). Another court further expounded that the *Jones* rule does not fall within the second exception to *Teague* because

> "[t]his class of rules is extremely narrow, and it is unlikely that any has yet to emerge." A rule relating to evidence that is subject to exclusion as violative of the Fourth Amendment, such as that announced in *Jones*, is particularly unlikely to constitute a watershed rule because "[t]he exclusionary rule . . . does not improve the accuracy with which defendants are convicted or acquitted."

*Reyes-Sotero v. United States*, No. 08-0593, 2012 WL 6681963, at * 2 (D. Md. Dec. 21, 2012) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004); *United States v. Shayesteh*, 54 F. App'x 916, 919 (10th Cir. 2003)). The reasoning of the courts previously addressing this issue is sound. Accordingly, this Court holds *Jones* is not retroactively applicable to cases on collateral review and DENIES Petitioner's claim.

## 2. Ineffective Assistance of Counsel

Petitioner argues his counsel was ineffective in failing to seek suppression of the evidence against him. Petitioner asserts that if he had been reasonably informed of his rights, he would not have pled guilty because he would have known there was no admissible evidence against him. Petitioner's claim does not amount to ineffective assistance of counsel and must be DENIED.

Ineffective assistance of counsel claims under the Sixth Amendment are examined under

---

[3] No circuit courts have yet reached the issue.

the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance claim, a petitioner must show: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Id.* There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A court must consider "the practical limitations and tactical decisions that counsel faced" when making an ineffective assistance of counsel determination. *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Therefore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). A determination need not be made concerning the attorney's performance if it is clear that no prejudice resulted. *See id.* at 697. To demonstrate actual prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

A criminal defendant is entitled to effective assistance of counsel when deciding whether to plead guilty. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010). When a petitioner challenges a conviction after a guilty plea, the "the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012) (quoting *Hill*, 474 U.S. at 59). In order "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 130 S.Ct. at 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000)). Failure of defense counsel to raise a Fourth Amendment argument only constitutes ineffective assistance of counsel where a petitioner proves that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Trial counsel is not ineffective for following controlling circuit law at the time or for

being unaware the Supreme Court granted *certiorari* in a case pertinent to his client's pending case. *United States v. McNamara*, 74 F.3d 514, 515 (4th Cir. 1996); *see also Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). At the time Petitioner was considering a plea agreement, numerous circuits and courts within this circuit had held placement of a GPS tracking device did not constitute a search under the Fourth Amendment. *See, e.g.*, *United States v. Pineda-Moreno*, 591 F.3d 1212 (9th Cir. 2010); *United States v. Garcia* 474 F.3d 994 (7th Cir. 2007); *United States v. Narrl*, 789 F. Supp. 2d 646 (D.S.C. 2011). At the time, only one circuit had held installation of a GPS device without a warrant constituted a Fourth Amendment search. *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010).

Though the Fourth Circuit had not ruled on the issue at the time, the strong presumption that counsel's performance was reasonable and might be considered a sound trial strategy is not overcome. *Stickland*, 466 U.S. at 689. "A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence." *Premo v. Moore*, 131 S. C.t 733, 744 (2011). The Supreme Court has recognized that in the context of a favorable plea agreement, "the decision to forgo a challenge to [potentially suppressible evidence] may [be] essential to securing that agreement." *Id.* The plea agreement here resulted in a sentence significantly below Petitioner's applicable guideline range and, based on the other circuit precedent, it was far from clear a suppression motion would have been successful. Accordingly, it cannot be said that his attorney did not make a strategy decision to forego a suppression motion and recommend acceptance of the highly favorable plea offer or that counsel performed deficiently. Therefore, Petitioner's ineffective assistance of counsel claim is DENIED.

### 3. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A

certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Petitioner is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## **CONCLUSION**

For the reasons stated above, the Court DENIES Defendant's § 2255 Motion and DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this _____20th_____ day of March 2013.